## UNITED STATES CREDIT SYSTEM CO. v. AMERICAN CREDIT INDEMNITY CO.

(Circuit Court, S. D. New York. January 6, 1893.)

1. PATENTS FOR INVENTIONS—PLEADING—DEMURRER FOR WANT OF INVENTION.
   In a suit for infringement of a patent, the bill may be met by a demurrer, when it makes profert of the patent, and the same appears on its face to be invalid for want of patentable invention. Post v. Hardware Co., 26 Fed. Rep. 618, followed.

2. SAME—INVENTION—CREDIT INSURANCE SYSTEM.
   Letters patent No. 465,485, issued December 22, 1891, to Levy Maybaum, for "means for securing against excessive losses for bad debts," being a plan of insurance agains losses from bad debts in excess of the usual percentage of such losses in a given line of business, the patent providing forms for ruling paper with spaces for entering various details of the insurance transaction, are void for want of invention. Munson v. Mayor, etc., 3 Fed. Rep. 338; Id., 8 Sup. Ct. Rep. 622, 124 U. S. 601, distinguished.

In Equity. Bill by the United States Credit System Company against the American Credit Indemnity Company for the infringement of letters patent No. 465,485, dated December 22, 1891, and granted to Levy Maybaum for means for securing against excessive losses for bad debts. Heard on demurrer to the bill. Demurrer sustained.

In a prior suit between the same parties upon this patent, the circuit court for the northern district of Illinois also sustained a demurrer to the bill for want of patentable invention. See 51 Fed. Rep. 751, where a full description of the alleged invention, accompanied by cuts showing the ruled forms of the patent, may be found.

Rowland Cox, for plaintiff.
Edgar M. Johnson, for defendant.

WHEELER, District Judge. This bill is brought upon letters patent No. 465,485, dated December 22, 1891, and granted to Levy Maybaum, assignor to the plaintiff, for "means for securing against excessive losses for bad debts," makes profert of them, and is demurred to. As the patent contains a grant under the constitution and laws of the United States "to the patentee, his heirs or assigns, for the term of seventeen years, of the exclusive right to make, use, and vend the invention or discovery throughout the United States and the territories thereof," and the bill alleges infringement, the defendant must be put to the statutory defenses, unless what the patent covers is so far from any patentable invention or discovery as to be void, and require no defense whatever. Rev. St. U. S. §§ 4884, 4920. A bill upon such a void patent would seem to require no answer, (Hill v. Wooster, 132 U. S. 693, 10 Sup. Ct. Rep. 228;) therefore it may be met by demurrer, (Post v. Hardware Co., 26 Fed. Rep. 618.)
The invention sought to be covered by this process is of a method

of insuring against loss by bad debts in different kinds of business above the average ascertained loss in such business by a form of guaranty entered into on ruled pages of books, with headings and margins to columns and lines, showing in spaces the names of the insurer and insured. and the terms and conditions of the guaranty. The claims are for the means of securing merchants and others from excessive losses by bad debts, consisting of these sheets having suitable spaces for, and headings and margins showing, the particulars of such contracts. The ruling of sheets and pages of books into columns and spaces, and placing headings and margins to show terms and particulars of business arrangements and transactions, were old and well known within the usual and customary art of persons skilled in stationery before the time of this alleged invention. The arrangement of such spaces, headings, and margins to show the parties to, and terms and details of, any particular contract, would not be new to persons skilled in that art, and could not amount to any patentable invention or discovery. Baker v. Selden, 101 U. S. 99. The novelty, if any, must consist in the terms of the contract of indemnity arising out of the plan of insuring only against excess above the average of losses from bad debts in similar lines of business, and in the embodiment of these terms upon the sheets or pages.

But plans of indemnity against losses or parts of losses from casualty or misfortune by contracts of insurance or indemnity in various forms were in common use before, and not, in any sense, novel. Besides this, the terms of contracts rest in the agreements of those making them, and coming to such agreements is not a new art. The practice of the plan, as set forth in the specifications of the patent, seems to have been intended for insurers or guarantors, and the utility of it to consist in the proposal of such terms as would be desirable to those wanting indemnity; but the art of making proposals for contracts would not be any more patentable than that of making the contracts themselves. This patent is different in this respect from that in Munson v. Mayor, etc., 18 Blatchf. 237, 3 Fed. Rep. 338; Id., 124 U. S. 601, 8 Sup. Ct. Rep. 622. That was for a contrivance to preserve paid coupons and bonds, and might be patentable as a machine or manufacture; this is for a method of transacting common business, which does not seem to be patentable as an art These views correspond with those of Blodgett, J., with reference to this same patent in a suit between these parties, as reported in 51 Fed. Rep. 751; but, as those views are said to have been published by some mistake, the subject has been examined here, instead of merely following that case, as would otherwise be usual. Demurrer sustained.